IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



UNITED STATES OF AMERICA

v.   CRIMINAL NO. 3:15cr13CWR-FKB

JOSHUA MARTIN, and   18 U.S.C. § 924(c)(1)(A)
ANTHONY WATSON   18 U.S.C. § 924(j)(1)
   18 U.S.C. § 922(g)
   21 U.S.C. § 846

**The Grand Jury charges:**

COUNT 1

On or about August 13, 2013, in Hinds County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **JOSHUA MARTIN and ANTHONY WATSON**, did knowingly discharge and use a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with the intent to distribute a controlled substance, in violation of Section 846, Title 21, United States Code, and in so doing, the defendants, **JOSHUA MARTIN and ANTHONY WATSON**, committed murder as defined in Title 18, United States Code, Section 1111, that is, the unlawful killing of Sharod Vaughn, with malice aforethought, such murder being willful, deliberate, malicious, premeditated and committed in the perpetration of a drug trafficking crime.

All in violation of Sections 924(c)(1) and (j)(1) and 2, Title 18, United States Code.

COUNT 2

On or about August 13, 2013, in Hinds County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **JOSHUA MARTIN,** aided and abetted by others known and unknown to the grand jury, having been previously convicted of a crime

punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting commerce a firearm.

In violation of Sections 922(g)(1), 924(a)(2) and 2, Title 18, United States Code.

## COUNT 3

On or about August 13, 2013, in Hinds County in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **JOSHUA MARTIN and ANTHONY WATSON**, knowingly and willfully did conspire with each other and others known and unknown to the grand jury, to knowingly and intentionally possess with the intent to distribute Marijuana, a Schedule I controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

### QUANTITY OF MARIJUANA INVOLVED IN THE CONSPIRACY

With respect to **JOSHUA MARTIN**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 50 grams of actual Marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

With respect to **ANTHONY WATSON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 50 grams of actual Marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

### NOTICE OF SENTENCE ENHACEMENT

The defendant, **JOSHUA MARTIN**, was on pretrial release pursuant to an order dated August 8, 2013, from the United States District Court for the Southern District of Mississippi,

Cause No. 3:13cr59CWR-LRA, which order notified said Defendant of the potential effect of committing an offense while on pretrial release.

Thereafter, on or about the dates set forth in Counts 1 through 3, defendant **JOSHUA MARTIN** committed the crimes articulated in Counts 1 through 3, in violation of Sections 922(g), 924(c)(1)(A) and (j)(1), Title 18, United States Code, and Section 846, Title 21, United States Code.

All in violation of Section 3147(1), Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of

particulars supporting it.

All pursuant to Section 924(d), Title 18, United States Code and Section 2461, Title 28, United States Code, and Section 853, Title 21, United States Code.

									_____
									GREGORY K. DAVIS
									United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury


This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 18th day of MARCH, 2015.

									_____
									UNITED STATES MAGISTRATE JUDGE